Minshall, J.
This purports to be a proceeding to vacate or modify a judgment of tbe. supreme court commission rendered at tbe January term, 1883, in tbe case of Jane Carey et al. v. Bernard Kemper et al., having been a case on error to tbe district court of Hamilton county. Jane Carey, as appears from tbe record, was at tbe time a married woman, and Jacob Jennings Richardson was a minor. He became of age on September 25, 1886, and this proceeding was begun in October following. Tbe former proceeding was begun by Jane Carey and ber husband to reverse tbe judgment that had been rendered in favor of Kemper against ber. Kemper filed a cross-petition to wbicb be made Jacob, tbe minor, a party, tbe judgment of the court below having been in favor of Mm. Tbe commission reversed tbe judgment in favor of tbe minor; and proceeding to render tbe judgment tbe district court, as -it *94 adjudged, should have rendered, reversed the judgment of the common pleas, dismissing the action as to the minor, and remanded the cause to the court of common pleas “for a decree directing the receiver to apply the rents” in a particular way, and for an order of sale, if the rents should prove insufficient, when applied as directed, unless the requisite amount should be paid to the clerk in a time stated; and further ordered the action to continue pending in the common pleas for adjustment between the life-tenants and remainder-man. The case is reported sub nomine, Carey v. Kemper, 40 Ohio St. 79.
A motion was made at the same term by Jane Carey, and on behalf of the minor, for a vacation or modification of the judgment, and was overruled by the commission.
The present proceeding differs somewhat from the motion made before the commission. It is for (1) “ Errors that are apparent on the record of said cause; and (2) errors or erroneous proceedings, that were not apparent on the said record.”
The last ground embraces what is claimed to have been an error in the description of the property ordered sold for the satisfaction of the mechanics’ liens, whereby it is claimed the description includes part of a lot not affected by the liens, and that should not have been sold, or ordered sold for that purpose.
And again, it is a proceeding on behalf of Jacob J. Richardson, in which he seeks to show cause against a judgment rendered against him while a minor, he having arrived at full age within twelve months of its commencement.
The practice of awarding rehearings has uniformily been confined to courts of original jurisdiction; they are not awarded as a matter of right in appellate courts. The reason of this is not based upon any assumption of infallibility by such courts, but because, as stated by Ranney, J., in Longworth v. Sturges, 2 Ohio St. 104, “ There must at some time be an end of litigation, not only for the benefit of the parties to each particular case, but to enable others standing behind them to have their rights determined.”
*95 Moreover, if the right to a rehearing were recognized as existing in the general practice of this court, the right must be regarded as having been exhausted by the motion that was made before the commission and overruled; for attention was. then called to the same errors in the record that are now insisted on as a reason for vacating or modifying the same judgment.
In Zink v. Grant, 26 Ohio St. 378, it was held that parties have not the right to a rehearing after the decision of a cause by this court, unless the application comes within the provisions of section 542 of the code of civil procedure. Those provisions are now embraced in the sections of the Revised Statutes, from 5354 to 5365, inclusive. And the remaining question is whether, under these sections, the plaintiffs, or either of them, are entitled to any relief upon their petition in this court. Section 5365 provides that the preceding sections above referred to “ shall apply to the supreme eourt * * * so far as the same may be applicable to their judgments and final orders.”
Section 5354 confers power on a court of common pleas, superior or circuit court, to vacate or modify its own judgment or order, after the term at which the same was made:
“ 5. For erroneous proceedings against an infant, married woman * * * when the condition of such defendant does not appear in the record, nor the error in the proceedings :
“ 8. For errors in a judgment, shown by an infant in twelve months after . arriving at full age, as prescribed in section 5330.”
Now, it is apparent that Mrs. Carey does not come within the provisions of the eighth paragraph, for it applies simply to infants; and we think it is quite as evident that neither she nor he bring their applications within the provisions of the fifth one, for it applies only to the, instances .where the condition of the defendant does not appear in the record, nor the error in the proceedings. But here the coverture of the one, and the infancy of the other, appeared in the record of the judgment reviewed by the commission; her coverture had been found as a fact, as appears from the special finding made *96 by the court below, and the suit was against him. as an infant, as appears from the style of the case.
No power is conferred on the court by the fifth paragraph .of the above section to vacate or modify a judgment after the term at which it was rendered, unless the error complained of is outside of the proceeding in which it was rendered, and the condition of the defendant does not appear in the record.
The reason of this provision apparently is, that where the condition of the defendant as to coverture or infancy appears upon the record, such condition will arrest the attention of the court, and excite the care courts always exercise in dealing with persons not sui juris, and so the necessity for a special proceeding after judgment is, in such case, dispensed with.
It remains to consider whether, under the eigth paragraph of the above section, Richardson has the right, in this court, to show cause against the judgment of which he complains. It will be observed that the right here given an infant to have a judgment vacated is for errors in it, shown by him “ in twelve months after arriving at full age, as prescribed in Section 5330.” The language of this section is, “ It shall not be necessary to reserve in a judgment or order the right of an infant to show cause against it, after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment.” The practice in equity had been to reserve in every decree, affecting the inheritance of an infant, the right to show cause against it on arriving at full age, and it was error not to do so in all cases where he had the right, on arriving at age, to show cause. The effect of this statute is simply to abrogate the rule requiring that the right should be reserved in the entry of the judgment. It does not extend the right of the infant to judgments tQ which it did not apply before the statute.
No doubt but that he has the right within the time limited by the statute to show cause against the judgment that ordered the sale of his estate in the premises in question for the satisfaction of the alleged lien, if the order as to him was erroneous. *97 We think it is also clear that he may do so by a proceeding in the nature of a bill of review; such is the right secured to him by the eighth paragraph of section 5354. And it is equally clear that he is not confined to this remedy; for, as held in Long v. Mulford, 17 Ohio St. 484, and in Rammelsberg v. Mitchell, 29 Ohio St. 22, he may do so by an original suit, in a court of competent jurisdiction, the substitute under our reformed pro- ’ cedure for an original bill.
Where, however, the infant, on arriving at full age, avails himself of the provisions of section 5354, it is clear, as we think, that the proceeding should be had in the court where the judgment, it is sought to vacate or modify, was rendered; for the power conferred upon either of the courts to which its provisions extend, is to “vacate or modify its own judgment or order, after the term at which the same was made; ” it is not conferred upon any other court. It is in the nature of a proceeding coram, nobis. 2 Nash Pl. 1265; 2 Tidd Pr. 1136.
Now, in this case, the supreme court commission rendered no judgment against the infant. The judgment that had been rendered in his favor was, upon the cross-petition in error of Kemper, reversed, and, proceeding to render the judgment that in its opinion, the district court should have rendered, reversed the judgment of the latter court, and remanded the cause to the court of common pleas with direction to render a judgment in accordance with the principles it had announced. It is then, as we think, manifest that under the circumstances disclosed by the record, the infant in proceeding under the provisions of the above section should institute his proceeding in the court of common pleas, where the judgment was in fact rendered against him. The fact that the judgment was rendered in pursuance of the rulings of an appellate court on a proceeding in error, does not alter the case. A judgment is rendered by the court that hears the case and applies the law to it; and it is immaterial in this regard from what source it derived its knowledge of the law applicable to the case.
Where, in the exercise of its original jurisdiction, this court pronounces a judgment, or when it reverses a judgment and *98 proceeds to render a final judgment in the case, and remands it for execution only, as is sometimes done, we have no doubt that an infant may show cause against any such judgment of this court, by a proceeding commenced in it under section 5354, within the time limited. It is with reference to such judgments that the provisions of this section are made applicable to this court by section 5365; they do not apply to judgments of affirmance, nor to judgments of reversal, where the cause is remanded for further proceedings in the court below, except in so far as it confers a power possessed by all courts of controlling their own judgments during the term; or of setting aside judgments and decrees obtained in them by fraud, mistake or irregularity. See Longworth v. Sturges, supra.

Petition dismissed without prejudice to any rights Richardson may have in the premises in a court of competent jurisdiction.